1

2

3

4

5

6

7

8            UNITED STATES DISTRICT COURT

9          NORTHERN DISTRICT OF CALIFORNIA

10               SAN JOSE DIVISION

11  FAREED SEPEHRY-FARD,            )   Case No.: 12-CV-1260-LHK
                                    )
12                  Plaintiff,      )
         v.                         )
13                                  )   ORDER GRANTING MOTION TO
    THE BANK OF NEW YORK MELLON, N.A.; )   DISMISS
14  BANK OF AMERICA CORPORATION;    )
    CATHERINE K. MASON; and MILES,  )
15  BAUER, BERSTROM & WINTERS,      )
                                    )
16                  Defendants.     )
17  _____)

18          On March 14, 2012, Plaintiff Fareed Sepehry-Fard ("Mr. Sepehry-Fard") filed this action

19  against Defendants the Bank of New York Mellon, N.A. ("Mellon"), Bank of America Corporation

20  ("Bank of America"), Catherine K. Mason ("Ms. Mason"), and Miles, Bauer, Berstron & Winters.

21  *See* Dkt. No. 1.  On April 13, 2012, Defendants Mellon and Bank of America filed their motion to

22  dismiss the complaint.  *See* Dkt. No. 3.  On April 18, 2012, the case was reassigned to the

23  undersigned judge.  On April 26, 2012, Mr. Sepehry-Fard filed his opposition and his supporting

24  request for judicial notice.  *See* Dkt. Nos. 9 and 10.  On May 1, 2012, Defendants Mellon and Bank

25  of America re-noticed their original motion to dismiss.  *See* Dkt. No. 14.  On May 2, 2012, Mellon

26  and Bank of America filed their reply to Mr. Sepehry-Fard's April 18, 2012 opposition.  *See* Dkt.

27  No. 16.  On May 22, 2012, Mr. Sepehry-Fard filed a response to Defendants' re-noticed motion.

28

United States District Court
For the Northern District of California

Case No.: 12-CV-1260-LHK
ORDER GRANTING MOTION TO DISMISS

1  *See* Dkt. No. 17.  On August 8, 2012, Mr. Sepehry-Fard filed a second request for judicial notice in

2  support of his opposition.  *See* Dkt. No. 19.

3       Pursuant to Civil Local Rule 7-1(b), the Court found Defendants' motion appropriate for

4  determination without oral argument, and accordingly vacated the August 30, 2012 hearing.

5  Having considered Mr. Sepehry-Fard's complaint, opposition, and other filings, the Court

6  DISMISSES Mr. Sepehry-Fard's complaint for failure to state a claim upon which relief can be

7  granted.  The Court grants Mr. Sepehry-Fard leave to file an amended complaint within 21 days of

8  the date of this Order.[1]

9  ## I.    FACTUAL HISTORY

10       The complaint contains few factual allegations.  However, Mr. Sepehry-Fard has attached a

11  variety of documents to his complaint and has requested judicial notice of various documents filed

12  in support of his opposition.  From these documents, the Court has gleaned the following facts.

13  Mr. Sepehry-Fard owned a house at 18314 Baylor Avenue, Saratoga, CA 95070.  *See e.g.* Compl.,

14  Ex. 1 at 1 (letter to Bank of America and Mellon).  This property was subject to two mortgages,

15  which Mr. Sepehry-Fard refers to as numbers 114264629 and 1142624637.  *See id.*  The mortgages

16  were held or serviced by Bank of America, Mellon, or both.  *See id.*  Bank of America, Mellon, or

17  both initiated foreclosure proceedings on the house.  The time frame of these foreclosure

18  proceedings is not perfectly clear, but Mr. Sepehry-Fard asserts that "[m]y property is being

19  unlawfully and criminally sold through an unlawful foreclosure process as of 2009."  Compl., Ex. 3

20  at 5.  The complaint includes a February 28, 2012 letter from Bank of America notifying Mr.

21  Sepehry-Fard that one of the mortgages on Mr. Sepehry-Fard's property, 114264629, "remains

22  seriously delinquent," and that a payment of $5,190.10 would be due on March 1, 2012.  Compl.,

23  Ex. 5 at 1.  Ms. Mason and her employer Miles, Bauer, Berstron & Winters had some unspecified

24  involvement in the foreclosure proceedings.  *See* Compl., Ex. 3.

25  ## II.   LEGAL STANDARD

26  ### A.     Federal Rule of Civil Procedure 8

27  ---

[1] The Court advises Mr. Sepehry-Fard to sign up for an appointment with the Federal Legal
28  Assistance Self-Help Center ("FLASH") at the San Jose Courthouse.  The telephone number for
FLASH is (408) 297-1480.

United States District Court
For the Northern District of California

Rule 8 states that a civil complaint "must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  The Supreme Court has interpreted the "short and plain statement" requirement to mean that the complaint must provide "the defendant [with] fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

### B.    12(b)(6) Motion to Dismiss for Failure to State a Claim

A motion to dismiss for failure to state a claim under Rule 12(b)(6) tests the legal sufficiency of a complaint.  *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  In considering whether the complaint is sufficient to state a claim, the Court must accept as true all of the factual allegations contained in the complaint.  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  In addition, pro se pleadings are liberally construed.  See *Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S. Ct. 594, 595-96 (1972); *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).  However, the Court need not accept as true "allegations that contradict matters properly subject to judicial notice or by exhibit" or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."  *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (citation omitted).  While a complaint need not allege detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Iqbal*, 129 S. Ct. at 1949 (quoting *Bell Atl. Corp.*, 550 U.S. at 570).  A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*

### C.    Leave to Amend

If a court grants a motion to dismiss, leave to amend should be granted unless the pleading could not possibly be cured by the allegation of other facts.  *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).  A court "may exercise its discretion to deny leave to amend due to 'undue delay, bad faith or dilatory motive on part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . . , [and] futility of amendment.'"  *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 892-93 (9th Cir. 2010)

3

1    (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)); *see also Abagninin v. AMVAC Chem. Corp.*,

2    545 F.3d 733, 742 (9th Cir. 2008) (repeated failure to cure deficiencies by previous amendment

3    sufficient to deny leave to amend).

**III.      DISCUSSION**

5           Mr. Sepehry-Fard's complaint asserts several claims that may be based in whole or in part

6    upon events surrounding the nonjudicial foreclosure of Mr. Sepehry-Fard's house.  The complaint

7    appears to be derived from a publically-available form that outlines the information required in any

8    complaint.  In response to the instruction, "Put each fact or claim into a separate, numbered

9    paragraph," the complaint asserts six claims: (1) the Defendants failed to provide "proof of claim"

10   in response to Mr. Sepehry-Fard's demand for "debt verification"; (2) the Defendants "are

11   attempting to evict [Mr. Sepehry-Fard] without proof of standing"; (3) the Defendants have

12   deprived Mr. Sepehry-Fard of his constitutional rights to "life, liberty, and the pursuit of happiness

13   and private property" by "adverse credit reporting"; (4) the Defendants have not paid Mr. Sepehry-

14   Fard money owed "pursuant to UCC § 3-305 and UCC § 3-306"; (5) "[a]lleged attorney for

15   Defendants has harmed Plaintiff and his family during this illegal process and refuses to provide

16   for her oath of office, bond and liability insurance"; and (6) that "alleged attorney" failed to

17   provide "PUBLIC HAZARD BONDING OF CORPORATE AGENTS" pursuant to "15 USC."

18   Compl. at 3-4.

19          In addition to these claims, Mr. Sepehry-Fard's complaint states, "My case belongs in

20   federal court under federal question jurisdiction because it is about federal law(s) or right(s)."

21   Compl. at 3.  Mr. Sepehry-Fard's complaint lists the following federal statutes to justify federal

22   question jurisdiction: (1) 42 U.S.C. §§ 1983 and 1985; (2) 18 U.S.C. §§ 241 and 242; (3) 18 U.S.C.

23   §§ 1621 and 1622; and (4) "15 U.S.C. corporate and limited liability insurance fraud."  Compl. at

24   3.

**A.      Motion to Dismiss**

26          The complaint lacks sufficient factual information to support any legal violation.  Instead,

27   the complaint lists legal conclusions or cites statutes unsupported by any factual allegations.  To

28   the extent that the complaint does allege facts, these facts are unconnected to any legal theory.

*United States District Court*
For the Northern District of California

4

Case No.: 12-CV-1260-LHK
ORDER GRANTING MOTION TO DISMISS

1   Although the federal rules allow for a flexible pleading policy, particularly with regard to a

2   plaintiff appearing *pro se*, a complaint must still provide fair notice of the claims and must allege

3   enough facts to state the elements of each claim plainly and succinctly.  Fed. R. Civ. P. 8(a)(2);

4   *Jones v. Community Redevelopment Agency of City of Los Angeles*, 733 F.2d 646, 649 (9th Cir.

5   1984).

6          The complaint form used by Mr. Sepehry-Fard prompts plaintiffs to write a "Statement of

7   Facts and Claims" with "a short and simple description of the facts of your case [which includes]:

8   [1] where the events happened, [2] when the events happened, [3] who was involved, [4] what role

9   each of the defendants played, and [5] how you were harmed, if you have that information."

10   However, the "Statement of Facts and Claims" section does not fully allege the "where," "what,"

11   "who," "when," and "how" of Mr. Sepehry-Fard's claims.  *See* Compl. at 3.  A variety of

12   documents are attached to the complaint.  Among these documents are letters to the various

13   Defendants seeking admissions.[2]  *See* Compl. Exs. 1-3.  Even taking the admissions sought in Mr.

14   Sepehry-Fard's letters as allegations of the complaint, the complaint lacks adequate factual support

15   for any legal claim.  For example, a January 19, 2012 letter to Ms. Mason seeks her admission that:

16          [B]y your actions against me . . . you perjured your oath by violating my Constitutionally
            guaranteed Rights and all aspects of due process of law, in particular those rights secured in
            the Bill of Rights, including, but not limited to, my 4th, 5th, 7th and 9th Amendment Rights
17          and those rights guaranteed and protected in the CALIFORNIA Constitution Bill of Rights.

18   Compl. Ex. 3 at 5.  Yet the letter never states what Ms. Mason's "actions against" Mr. Sepehry-

19   Fard were.

20          Accordingly, the Court DISMISSES Mr. Sepehry-Fard's complaint under Federal Rule of

21   Civil Procedure 12(b)(6) for failure to state a claim on which relief can be granted.

22   **B.     Leave to Amend**

23          The Court DISMISSES Mr. Sepehry-Fard's complaint for failure to allege facts that

24   _____
     [2] For example, Mr. Sepehry-Fard's January 19, 2012 letter to Ms. Mason states:
25          Your failure to respond, within 5 days, as stipulated, and rebut, with particularity,
            everything in this letter with which you disagree is your lawful, legal and binding
26          agreement with and admission to the fact that everything in this letter is true, correct, legal,
            lawful and binding upon you, in any court, anywhere in America, without your protest or
27          objection or that of those who represent you.  Your silence is your acquiescence.
     Compl. Ex. 3 at 5.  Despite this language, the Plaintiff has alleged no facts that suggest the
28   Defendants had an obligation to respond to Mr. Sepehry-Fard's letters.

Case No.: 12-CV-1260-LHK
ORDER GRANTING MOTION TO DISMISS

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

1    support his legal conclusions.  However, Mr. Sepehry-Fard may be able to allege facts that would

2    adequately support most of his claims.  Furthermore, Mr. Sepehry-Fard is proceeding *pro se*.  The

3    "rule favoring liberality in amendments to pleadings is particularly important for the pro se

4    litigant." *Lopez v. Smith*, 203 F.3d at 1131 ((quoting *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th

5    Cir. 1987)).

6        The only claims which could not possibly be cured by the allegation of other facts are

7    claims for violations of 18 U.S.C. §§ 241, 242, 1621, and 1622.  Sections 241, 242, 1621, and 1622

8    are criminal statutes which do not provide for a private right of action.  *See Aldabe v. Aldabe*, 616

9    F.2d 1089, 1092 (9th Cir.1980) (18 U.S.C. §§ 241 and 242 are "criminal provisions [which]

10   provide no basis for civil liability"); *Sordean v. United States*, C 94-2387 FMS, 1995 WL 86548 at

11   *2 (N.D. Cal. Feb. 24, 1995) (no private right of action under 18 U.S.C. §§ 1621 or 1622); *Fuller v.

12   Unknown Officials from the Justice Dept. Crime Div.*, 387 F. App'x 3, 4 (D.C. Cir. 2010) ("there is

13   no private cause of action for perjury, 18 U.S.C. § 1621; [or] subornation of perjury, 18 U.S.C. §

14   1622").

15       Accordingly, the Court DISMISSES WITH PREJUDICE Mr. Sepehry-Fard's claims for

16   violations of 18 U.S.C. §§ 241, 242, 1621, and 1622, and DENIES Mr. Sepehry-Fard leave to

17   amend these claims.  Thus, any amended complaint that Mr. Sepehry-Fard chooses to file may not

18   include any claims for violations of 18 U.S.C. §§ 241, 242, 1621, and 1622.  However, the Court

19   DISMISSES WITHOUT PREJUDICE all other claims brought by Mr. Sepehry-Fard.  The Court

20   GRANTS Mr. Sepehry-Fard leave to amend his complaint by alleging the factual bases for these

21   other claims.  Any amended complaint that Mr. Sepehry-Fard chooses to file "must allege with at

22   least some degree of particularity overt acts which defendants engaged in that support [Mr.

23   Sepehry-Fard's claims.]" *Jones*, 733 F.2d at 649 (internal quotations omitted).

24   **IV.    CONCLUSION**

25       For the foregoing reasons, the Court GRANTS Defendants' motion to dismiss.  The Court

26   DISMISSES WITH PREJUDICE Mr. Sepehry-Fard's claims for violations of 18 U.S.C. §§ 241,

27   242, 1621, and 1622.  The Court DISMISSES WITHOUT PREJUDICE all other claims brought by

28   Mr. Sepehry-Fard.  Mr. Sepehry-Fard may file an amended complaint within 21 days of the date of

Case No.: 12-CV-1260-LHK
ORDER GRANTING MOTION TO DISMISS

1   this Order.  Failure to meet the 21 day deadline to file an amended complaint or failure to cure the

2   deficiencies identified in this Order will result in a dismissal with prejudice.  Mr. Sepehry-Fard

3   may not add any new claims or parties without first obtaining leave from the Court or a stipulation

4   from Defendants.

5   **IT IS SO ORDERED.**

6   Dated: October 2, 2012

7   _Lucy H. Koh_
    LUCY H. KOH
    United States District Judge

Case No.: 12-CV-1260-LHK
ORDER GRANTING MOTION TO DISMISS

United States District Court
For the Northern District of California