UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FAREED SEPEHRY-FARD, ) | Case No.: 5:12-CV-1260 LHK |
| ) | |
| Plaintiff, ) | ORDER GRANTING DEFENDANTS' |
| v. ) | MOTION TO DISMISS; DENYING AS |
| ) | MOOT DEFENDANTS' MOTION FOR |
| THE BANK OF NEW YORK MELLON, N.A.; ) | A MORE DEFINITE STATEMENT AND |
| BANK OF AMERICA CORPORATION; ) | MOTION TO STRIKE |
| CATHERINE K. MASON; and MILES, ) | |
| BAUER, BERGSTROM & WINTERS, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Before the Court is Defendants Bank of New York Mellon, N.A. ("Bank of New York") and Bank of America Corporation ("Bank of America") (collectively, "Defendants") Motion to Dismiss Plaintiff Fareed Sepehry-Fard's ("Mr. Sepehry-Fard" or "Plaintiff") First Amended Complaint (ECF No. 32) ("Mot. to Dismiss") and Motion to Strike Portions of Mr. Sepehry-Fard's First Amended Complaint (ECF No. 33) ("Mot. to Strike").  Having considered the submissions of the parties, the relevant law, and the parties' arguments at the June 27, 2013 hearing, the Court GRANTS Defendants' Motion to Dismiss the second and third causes of action in the First Amended Complaint with prejudice.  In light of the Court's dismissal of Mr. Sepehry-Fard's second and third causes of action, the Court declines to exercise supplemental jurisdiction over Mr.

1
Case No. 5:12-CV-01260 LHK
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS; DENYING DEFENDANTS' MOTION TO STRIKE

Sepehry-Fard's first cause of action. Therefore, the Court GRANTS Defendants' Motion to Dismiss this claim without prejudice. The Court DENIES Defendants' Motion to Strike as moot.

## I. FACTUAL BACKGROUND

Mr. Sepehry-Fard acquired sole title to a house at 18314 Baylor Avenue, Saratoga, CA 95070 ("Property") in May 2004. *See* Defs.' Request for Judicial Notice, ECF No. 32 ("RJN"), Ex. A. In September 2005, Mr. Sepehry-Fard refinanced the property with two mortgage loans. *Id.* at Exs. B and C.[1] As evidenced by the deeds of trusts recorded on September 26, 2005, the first loan from Countrywide Home Loans, Inc. was for $808,800.00. *Id.*, Ex. B. The second loan from Countrywide Bank was for $167,000.00 (collectively with the first loan, the "Notes"). *Id.*, Ex. C. The "beneficiary" of the Notes was the Mortgage Electronic Registration System, Inc. ("MERS"). *Id.*[2]

It is difficult to discern from the First Amended Complaint, ECF No. 29 ("FAC") precisely what Mr. Sepehry-Fard is alleging in this case. However, it appears that Mr. Sepehry-Fard is alleging that Defendant Bank of New York and MERS engaged in an assignment transaction pursuant to which Bank of New York became the beneficiary of the Notes. *See, e.g.*, FAC at 14-18; RJN Ex. D (Assignment Agreement). It appears that Mr. Sepehry-Fard's Notes may have subsequently been pooled with other loans. *See*, *e.g.*, FAC 15, 33, 35. The Court infers from the FAC that this trust was securitized and shares were sold to investors as part of a mortgage-backed

---

[1] Defendants request that the Court take judicial notice of Exhibits A (Grant Deed), B (Deed of Trust), and C (Deed of Trust) to Defendants' RJN. The district court may take notice of facts not subject to reasonable dispute that are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). The Court concludes that the public documents submitted by Defendants are not subject to reasonable dispute and are proper subjects of judicial notice. *Monet v. Chase Home Fin. LLC*, No. 10-CV-00135-LHK, 2011 WL 3740817, at *1 (N.D. Cal. Aug. 23, 2011) (taking judicial notice of similar documents).

[2] "MERS is a wholly owned subsidiary of MERSCORP, a Virginia corporation. Various . . . banks and lending institutions are shareholders in MERSCORP and participants in the MERS system. Under the MERS system, at the origination of a residential loan, the lender takes possession of a promissory note and the borrower and lender agree to designate MERS as the beneficiary under a deed of trust. Under the MERS system, the rights to the mortgage are tracked in an internal electronic database and not recorded in the public records each time the rights to the mortgage are bought and sold, so long as the buyer is a member of the MERS system." *In re Mortgage Elec. Registration Sys. (MERS) Litig.*, MDL 09-2119-JAT, 2011 WL 4550189, at *3 (D. Ariz. Oct. 3, 2011).

securities transaction. *See, e.g.,* FAC 14, 33, 35. The trust appears to be governed by a Pooling and Servicing Agreement ("PSA"). *See id.* at 33, 35.

Defendant Bank of America is the successor to Countrywide and appears to service Mr. Sepehry-Fard's Notes. *See* ECF No. 1 ("Compl."), Ex. 5 (February 28, 2012 letter from Bank of America stating that it services Mr. Sepehry-Fard's loan on behalf of the "Noteholder" and notifying Mr. Sepehry-Fard that his account "remains seriously delinquent"). Although the roles of Defendants Catherine K. Mason and law firm Miles, Bauer, Bergstrom & Winters (Ms. Mason's employer) are unclear from the FAC, Mr. Sepehry-Fard appears to allege that all Defendants attempted to illegally foreclose on the Property. *See* FAC at 34-35.

Mr. Sepehry-Fard alleges that the assignment between MERs and Bank of New York was fraudulent, in particular because the signatures of the notaries notarizing the assignments were forged. *See* FAC at 25-30. Mr. Sepehry-Fard alleges that, to the extent Defendants sought to collect upon the Notes, Defendants were attempting to collect upon a loan to which they were not the true "beneficiary." *Id.* at 30. Mr. Sepehry-Fard also appears to allege that Defendants have illegally attempted to foreclose on his property. *See id.* at 36. Defendants noted in their Motion to Dismiss that "no currently operative Notice of Default has been recorded on the [P]roperty" and that there "are no currently pending foreclosure proceedings." Mot. to Dismiss at 3. Later, at the June 27, 2013 hearing, defense counsel, Andrew Wood, stated that, at the time of the hearing, a Notice of Default may have been filed but that he was not sure. Mr. Wood stated that any foreclosure that may be initiated in the future will be non-judicial.

## II.     PROCEDURAL BACKGROUND

Mr. Sepehry-Fard filed his original Complaint in this matter on March 14, 2012. The Complaint named as Defendants Bank of New York, Bank of America, attorney Catherine K. Mason, and her employer, the law firm of Miles, Bauer, Bergstrom & Winters. *See* Compl. The gravamen of Mr. Sepehry-Fard's Complaint was that Defendants were attempting to illegally foreclose on the Property. Mr. Sepehry-Fard alleged violations of 42 U.S.C. §§ 1983 and 1985, 18 U.S.C. §§ 241 and 242, 18 U.S.C. §§ 1621 and 1622, and "15 U.S.C. corporate and limited liability insurance fraud." *Id.* at 3; ECF No. 28 at 4.

3
Case No. 5:12-CV-01260 LHK
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS; DENYING DEFENDANTS' MOTION TO STRIKE

On April 13, 2012, Defendants Bank of New York and Bank of America filed their Motion to Dismiss the Complaint. *See* ECF No. 3. On October 2, 2012, this Court dismissed with prejudice Mr. Sepehry-Fard's claims for violations of 18 U.S.C. §§ 241, 242, 1621, and 1622, and dismissed without prejudice all other claims. *See* ECF No. 28 at 6. This Court advised Mr. Sepehry-Fard that, if he filed an amended complaint, he was not permitted to add any new claims or parties without first obtaining leave from the Court or a stipulation from Defendants. *See id.* at 7.

On October 15, 2012, Mr. Sepehry-Fard filed his FAC. Like the Complaint, the FAC contains causes of action under 42 U.S.C. §§ 1983 and 1985. *See* FAC at 33-34. However, the FAC also contains a new cause of action for "Determination of [the] Court's Jurisdiction." *See id.* at 32.

Defendants' Motion to Dismiss and Motion to Strike are fully briefed. *See* ECF No. 32 ("Mot. to Dismiss"); ECF No. 33 ("Mot. to Strike"); ECF No. 35 ("Opp."); ECF No. 38 ("Reply").

### III. LEGAL STANDARDS

#### A. Rule 12(b)(6)

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a defendant may move to dismiss an action for failure to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citation omitted). For purposes of ruling on a Rule 12(b)(6) motion, a court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

However, a court need not accept as true allegations contradicted by judicially noticeable facts, *Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000), and the "[C]ourt may look beyond the plaintiff's complaint to matters of public record" without converting the Rule 12(b)(6)

motion into one for summary judgment, *Shaw v. Hahn*, 56 F.3d 1128, 1129 n.1 (9th Cir. 1995). Nor is the court required to "'assume the truth of legal conclusions merely because they are cast in the form of factual allegations.'" *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (per curiam) (quoting *W. Min. Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981)). Mere "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004); *accord Iqbal*, 556 U.S. at 678. Furthermore, "a plaintiff may plead herself out of court" if she "plead[s] facts which establish that [s]he cannot prevail on h[er] . . . claim." *Weisbuch v. Cnty. of L.A.*, 119 F.3d 778, 783 n.1 (9th Cir. 1997) (internal quotation marks and citation omitted).

### B. LEAVE TO AMEND

Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend "shall be freely given when justice so requires," bearing in mind "the underlying purpose of Rule 15 to facilitate decisions on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (internal citations, quotation marks, and alterations omitted). Nonetheless, a court "may exercise its discretion to deny leave to amend due to 'undue delay, bad faith or dilatory motive on part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . ., [and] futility of amendment.'" *Carvalho v. Equifax Info. Servs., LLC,* 629 F.3d 876, 892 (9th Cir.2010) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)) (alterations in original). "[W]here the plaintiff has previously been granted leave to amend and has subsequently failed to add the requisite particularity to its claims, '[t]he district court's discretion to deny leave to amend is particularly broad.'" *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir.2009) (quoting *In re Read–Rite Corp.,* 335 F.3d 843, 845 (9th Cir. 2003)). Indeed, repeated failure to cure a complaint's deficiencies by previous amendment is reason enough to deny leave to amend. *Abagninin v. AMVAC Chem. Corp.*, 545 F.3d 733, 742 (9th Cir. 2008) (citing *Foman*, 371 U.S. at 182; *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990)).

## IV.    DISCUSSION

In the FAC, Mr. Sepehry-Fard asserts three causes of action: (1) determination of jurisdiction; (2) violation of 42 U.S.C. §1983; and (3) violation of 42 U.S.C. § 1985. Notably, the FAC and the claims alleged therein are nearly identical to the First Amended Complaint Mr. Sepehry-Fard recently filed regarding a different property against Aurora Bank FSB, Bank of America, and several other banks in *Sepehry-Fard v. Aurora Bank ("Aurora"), FSB*, No. 5:12-cv-00871 EJD, ECF No. 50 (N.D. Cal. Jan. 29, 2013). Judge Edward Davila dismissed the *Aurora* FAC for failure to state a claim. *Sepehry-Fard v. Aurora Bank FSB*, 5:12-CV-00871 EJD, 2013 WL 597788, at *6 (N.D. Cal. Jan. 29, 2013).

Defendants Bank of New York and Bank of America in the instant case similarly move to dismiss Mr. Sepehry-Fard's FAC for failure to state a claim. *See* Mot. to Dismiss at 2. Alternatively, Defendants request that Mr. Sepehry-Fard's case be stayed or dismissed pursuant to the *Colorado River* doctrine due to a pending state court action involving the Property. *See id.* at 4. This Court addresses the *Colorado River* issue first.

### A.    *Colorado River* Doctrine

Under the *Colorado River* doctrine, a federal court may abstain from exercising its jurisdiction in favor of parallel state proceedings where doing so would serve the interests of "'[w]ise judicial administration, giving regard to the conservation of judicial resources and comprehensive disposition of litigation.'" *Colorado River Water Conservation Dist. v. United States,* 424 U.S. 800, 818 (1976) (citation omitted). The Ninth Circuit has recognized that a stay of proceedings pursuant to the *Colorado River* doctrine is appropriate only where "'exceptional circumstances'" are present (citation omitted). *Holder v. Holder,* 305 F.3d 854, 867 (9th Cir.2002). The Ninth Circuit has further identified "eight factors for assessing the appropriateness of a *Colorado River* stay or dismissal: (1) which court first assumed jurisdiction over any property at stake; (2) the inconvenience of the federal forum; (3) the desire to avoid piecemeal litigation; (4) the order in which the forums obtained jurisdiction; (5) whether federal law or state law provides the rule of decision on the merits; (6) whether the state court proceedings can adequately protect the rights of the federal litigants; (7) the desire to avoid forum shopping; and (8) whether the state

6

court proceedings will resolve all issues before the federal court." *R.R. St. & Co. v. Transp. Ins. Co.*, 656 F.3d 966, 978-79 (9th Cir. 2011) (citation omitted). The Ninth Circuit has recognized that if there is substantial doubt as to whether the state court proceedings will resolve all issues before the federal court, a stay or dismissal on *Colorado River* grounds is "preclude[d]." *See Intel Corp. v. Advanced Micro Devices, Inc.*, 12 F.3d 908, 913 (9th Cir. 1993) ("Under the rules governing the *Colorado River* doctrine, the existence of a substantial doubt as to whether the state proceedings will resolve the federal action precludes the granting of a stay.").

In Defendants' Motion to Dismiss, Defendants assert that Mr. Sepehry-Fard's claims should be stayed or dismissed on *Colorado River* grounds due to a pending state court action involving the Property. Mot. to Dismiss at 5; RJN, Ex. E[3] (docket in *Sephery-Fard v. Bank of New York Mellon, N.A.*, 1-11-CV-210028 (Cal. Super. Ct. 2011) ("State Court Action")). Defendants contend that both the State Court Action and this action challenge Defendants' power to foreclose. Mot. to Dismiss at 3, 5. The State Court Action is presently on appeal. ECF No. 44 at 3 (Defendants informing the Court that appeal in the State Court Action is pending).[4]

At the June 27, 2013 hearing, the Court asked the parties to submit supplemental briefs addressing: (1) whether the *Colorado River* doctrine applies to this case, and (2) if the doctrine applies, whether the Court is then required to stay the case or may still dismiss the case with prejudice for failure to state a claim.

In Defendants' supplemental brief, Defendants state that application of the *Colorado River* doctrine would not be appropriate with respect to Mr. Sepehery-Fard's Section 1983 and 1985 claims because these claims were not raised in the State Court Action. ECF No. 47 at 2. Defendants contend that there is therefore substantial doubt as to whether the State Court Action will resolve these claims. *Id.* Mr. Sepehry-Fard has not indicated or presented evidence that these claims have been raised in the State Court Action. While neither party filed the Complaint in the

---

[3] The Court takes judicial notice of the docket in the State Court Action pursuant to Federal Rule of Evidence 201(b).
[4] Defendants also note that Mr. Sepehry-Fard has a pending state court action involving the property at issue in *Aurora* (the case that was before Judge Davila). *See* Mot. to Dismiss at 3; ECF No. 44 at 3 (discussing *Sepehry-Fard v. Aurora Bank, FSB*, 1-11-CV -209804 (Cal. Super. Ct. 2011)). Defendants state that this action is presently on appeal as well. *See* ECF No. 44 at 3.

7
Case No. 5:12-CV-01260 LHK
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS; DENYING DEFENDANTS' MOTION TO STRIKE

1  State Court Action, in connection with the June 27, 2013 Case Management Conference, Mr.
2  Sepehry-Fard provided the Court with a DVD containing the record from the State Court Action.
3  Within this record is Mr. Sepehry-Fard's First Amended Complaint. The FAC includes seven
4  causes of action. None of these causes of action is for a violation of Section 1983 or 1985.

5   Moreover, Mr. Sepehry-Fard stated that he objects to this Court's staying or dismissing this
6  action on *Colorado River* grounds. Because neither party contends that the *Colorado River*
7  doctrine should be applied to Mr. Sepehry-Fard's Section 1983 and 1985 claims and because there
8  exists substantial doubt as to whether the State Court Action will resolve these claims, the Court
9  declines to stay or dismiss these claims on *Colorado River* grounds. *See Intel*, 12 F.3d at 913
10 ("Under the rules governing the *Colorado River* doctrine, the existence of a substantial doubt as to
11 whether the state proceedings will resolve the federal action precludes the granting of a stay.").[5]
12 With respect to Mr. Sepehry-Fard's remaining cause of action for Determination of Jurisdiction, as
13 will be set forth below, the Court dismisses this action on jurisdictional grounds.

### B. Failure to State a Claim
#### 1. Violations of 42 U.S.C. §§ 1983 and 1985

The Court begins by addressing Mr. Sepehry-Fard's second and third causes of action for violations of 42 U.S.C. §§ 1983 and 1985, respectively. Mr. Sepehry-Fard's allegations fail to support a claim under either statute.[6]

---

[5] The Court need not consider the remaining *Colorado River* factors in light of the Court's finding that the state litigation will not necessarily resolve the Section 1983 and 1985 claims. *See Intel*, 12 F.3d at 913 n.7. However, the Court notes that factors 1 (which court first assumed jurisdiction over any property), 3 (the desire to avoid piecemeal litigation), 4 (order in which the forums obtained jurisdiction), and 7 (the desire to avoid forum shopping) arguably weigh in favor of applying *Colorado River*. On the other hand, factors 2 (the inconvenience of the federal forum), 5 (whether federal law or state law governs), and 6 (whether the state court proceedings can adequately protect the rights of the litigants) weigh strongly against applying *Colorado River* to Plaintiffs' §§ 1983 and 1985 claims as: (1) Mr. Sepehry-Fard filed this action in federal court and Defendants have not shown that this forum would be inconvenient to them; (2) federal law governs these claims; and (3) the state court proceedings may not protect Mr. Sepehry-Fard's rights because his Section 1983 and 1985 claims are not before the state court. Moreover, there is substantial doubt as to whether the state court proceedings will resolve Mr. Sepehry-Fard's §§ 1983 and 1985 claims and thus factor 8 (which is dispositive) weighs against applying the *Colorado River* doctrine. *See Intel,* 12 F.3d at 913.

[6] At the outset, the Court observes that Mr. Sepehry-Fard's FAC is 44 pages long and his arguments and allegations are extremely difficult to discern and, often, are not directly relevant to this matter. *See, e.g.*, FAC, at 14 (alleging that "[W]all Street investors look to feed their insatiable and reckless greed for profit by tapping directly into the American Dream-home ownership). The

8
Case No. 5:12-CV-01260 LHK
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS; DENYING DEFENDANTS' MOTION TO STRIKE

**United States District Court**
For the Northern District of California

As discussed in *Aurora*, Judge Davila's Order concerning a different property of Mr. Sepehry-Fard, "[a]ctions filed under § 1983 require state action." *Aurora*, 2013 WL 597788, at *5 (quoting *Merritt v. Mackey*, 932 F.2d 1317, 1323 (9th Cir. 1991)). The FAC is not clear as to what the state action in this case was. The FAC only names defendants that are private entities or individuals. While the FAC is not clear, Mr. Sepehry-Fard appears to allege that Defendants were acting "under the color of law" by attempting to foreclose on the Property. FAC at 39. However, the parties agreed at the June 27, 2013 hearing that no foreclosure has taken place, and Defendants confirmed that any future foreclosure would be non-judicial in nature. As a general rule, non-judicial foreclosure sales do not involve sufficient state action to support a Section 1983 claim. *See, e.g., Apao v. Bank of New York*, 324 F.3d 1091, 1095 (9th Cir. 2003) (holding that "there was insufficient state involvement to attribute the [non-judicial] foreclosure to the state"). Accordingly, Mr. Sepehry-Fard's § 1983 claim fails. *See Simmons v. Sacramento Cnty. Superior Court*, 318 F.3d 1156, 1161 (9th Cir. 2003) (holding that "conclusory allegations that the lawyer was conspiring with state officers to deprive him of due process [were] insufficient" to state a claim under Section 1983).

Mr. Sepehry-Fard's Section 1985 claim similarly fails because a Section 1985 claim must be predicated on a valid claim under Section 1983. *See Caldeira v. Cnty. of Kauai*, 866 F.2d 1175, 1182 (9th Cir. 1989) ("[T]he absence of a section 1983 deprivation of rights precludes a section 1985 conspiracy claim predicated on the same allegations.").[7]

---

prolix and confusing nature of the FAC is, by itself, a sufficient basis to grant Defendants' Motion to Dismiss. *See McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996) (affirming dismissal of "[p]rolix, confusing complaint[]" because the complaint did not enable the judge or opposing counsel "to determine who is being sued for what" and therefore "impose[d] [an] unfair burden[] on [the] litigants and judge[]").

[7] Mr. Sepehry-Fard also includes a number of allegations asserting that the undersigned lacks jurisdiction because "some judge's [sic] retirement funds [are] . . . manage[d]" by BlackRock, Inc. and BlackRock has invested either directly or indirectly in Defendants Bank of America and Bank of New York. FAC at 7-8. This Court rejected nearly identical allegations by Mr. Sepehry-Fard in *Ahura Energy, Inc. v. Applied Materials, Inc.*, No. 12-CV-4865-LHK, 2013 WL 623048, at *2 (N.D. Cal. Feb. 15, 2013) (alleging that the Court lacked jurisdiction because some judges' retirement funds are managed by BlackRock and BlackRock owns Applied Materials' stock). As the Court observed in *Ahura*, "[e]ven assuming *arguendo* that some of the undersigned's retirement funds are managed by BlackRock and that BlackRock" has invested funds in Defendants, "this would not be sufficient to create a conflict of interest" because "[o]wnership in a mutual or common investment fund that holds securities is not a 'financial interest' in such securities unless the judge participates in the management of the fund." *Id.* (citing 28 U.S.C.A. § 455(d)(4)).

United States District Court
For the Northern District of California

Thus, the Court dismisses Mr. Sepehry-Fard's second and third causes of action as to the moving Defendants, Bank of New York and Bank of America. Moreover, while Defendants Mason and Miles, Bauer, Bergstrom & Winters have not moved to dismiss (or appeared in this action), the Court's reasoning above applies with equal force as to these Defendants. Accordingly, the Court dismisses Mr. Sepehry-Fard's Section 1983 and 1985 claims as to these Defendants as well. *See Trujillo v. Crescent Jewelers*, 243 F.3d 550 (9th Cir. 2000) ("Federal courts may, in fact, dismiss sua sponte pursuant to F.R.C .P. 12(b)(6) when it is clear that the plaintiff has not stated a claim upon which relief may be granted"); *Silverton v. Dep't of Treasury of U. S. of Am.*, 644 F.2d 1341, 1345 (9th Cir. 1981) (same). Given that Mr. Sepehry-Fard has previously been given the opportunity to amend these claims and has failed to correct the deficiencies, these claims are dismissed with prejudice. *See Carvalho*, 629 F.3d at 892 (holding that a court "may . . . deny leave to amend due to . . . futility of amendment.").

### C. Determination of Jurisdiction Claim

With respect to Mr. Sepehry-Fard's first cause of action for "Determination of [the] Court's Jurisdiction," the Court finds that dismissal of this claim is warranted on jurisdictional grounds.[8]

Mr. Sepehry-Fard does not identify the basis for the Court's jurisdiction in his FAC.[9] However, in other filings, including Mr. Sepehry-Fard's supplemental brief addressing the *Colorado River* doctrine, Mr. Sepehry-Fard has stated that the Court's jurisdiction is based on federal question jurisdiction. *See* ECF No. 1 at 3 (invoking federal question jurisdiction); ECF No. 48 at 3 ("This court's jurisdiction is invoked as is found by reference at 28 USC § 1331 and § 1346.").[10] Moreover, diversity jurisdiction is not present because Mr. Sepehry-Fard is a California

---

[8] The Court notes that Mr. Sepehry-Fard's Determination of Jurisdiction claim was added in violation of this Court's October 2, 2012 Order dismissing Mr. Sepehry-Fard's original Complaint wherein the Court advised Mr. Sepehry-Fard that he was not permitted to "add any new claims or parties without first obtaining leave from the Court or a stipulation from Defendants." ECF No. 28 at 7. Mr. Sepehry-Fard did not obtain leave from the Court or Defendants' consent before adding his cause of action for Determination of Jurisdiction.

[9] Indeed, in Mr. Sepehry-Fard's first cause of action, Mr. Sepehry-Fard expressly challenges the Court's jurisdiction. *See* FAC at 32 ("Defendants . . . have deprived this honorable court from In Personam jurisdiction, subject matter jurisdiction and jurisdiction in general."); ECF No. 42 at 2 ("1. Jurisdiction and Service . . . Alleged Plaintiff is challenging court's subject and In Personam jurisdiction . . . .").

[10] Mr. Sepehry-Fard's response to this Court's request for supplemental briefing on the *Colorado River* jurisdiction issue includes a number of additional arguments regarding *inter alia* misconduct

10
Case No. 5:12-CV-01260 LHK
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS; DENYING DEFENDANTS' MOTION TO STRIKE

United States District Court
For the Northern District of California

resident, *see* FAC at 1 (listing address in Saratoga, CA), and Defendants Mason and Miles, Bauer, Bergstrom & Winters are also California citizens, *see* ECF No.1 at 2 (Mr. Sepehry-Fard provides California addresses for Defendants Mason and Miles, Bauer, Bergstrom & Winters), ECF No. 48 (same). Thus, there is not complete diversity as is required for diversity jurisdiction under 28 U.S.C. § 1332.

Mr. Sepehry-Fard's second and third causes of action under Sections 1983 and 1985 raised federal questions. However, Mr. Sepehry-Fard's first cause of action does not raise a federal question. Mr. Sepehry-Fard's substantive allegation in support of the first cause of action consists of the following statement:

> This court must order Defendants to show the money trail, GAAP accounting, true double entry account general ledger to show that they in fact loaned money to Plaintiff with all the valid title assignments and indorsements as required under the PSA and prove that the signatures are authenticated and are not forged since Plaintiff specifically rebuts the signature and authority of robo signers, robo notary, and that there was no proper trust, trust [sic] had no account and that Defendants papered [fraudulently] the fatal flaws in the securitization by forging numerous signatures and assignments. Plaintiff furthermore alleges that there was never ever any money loaned to Plaintiff by the Defendants. The burden on [sic] proof is on Defendants.

FAC at 33 (the "Accounting Allegation").

It is difficult to discern precisely what Mr. Sepehry-Fard is alleging. However, liberally construing the Accounting Allegation and the other allegations in the Complaint, the Court surmises that Mr. Sepehry-Fard is attempting to allege that Defendants lacked the authority to foreclose on the Property because certain signatures on the documents assigning the First Deed of Trust to Defendant Bank of New York were forged or otherwise fraudulent.[11] Foreclosure

---

by the Superior Court of California for Santa Clara County and the obligations imposed by the California Code of Judicial Ethics. *See* ECF No. 48 at 7, 13-16. The Court has reviewed these allegations, and these allegations have no effect on the Court's disposition of this case.

[11] *See, e.g.*, FAC at 33 (demanding that "Defendants . . . show the money trail . . . that they in fact loaned money to Plaintiff with all the valid title assignments" and alleging that "Defendants . . . forg[ed] numerous signatures and assignments"); *id*. at 17-18 (alleging that "T. Sevillano" signed on behalf of MERS and Bank of New York while she was a Bank of America employee (citing "RJN 2")); Plaintiff's Request for Judicial Notice in Support of Plaintiff's FAC, ECF No. 30 ("FAC RJN"), Ex. 2 (documents showing T. Sevillano signed the assignment on behalf of MERS and the substitution of trustee on behalf of Bank of New York, while Ms. Sevillano was employed by Recon Trust Co., a subsidiary of Bank of America); FAC at 36 (alleging that Defendant Mason, along with attorneys Andrew A. Wood and Stanford P. Shatz, have violated Mr. Sepehry-Fard's

11
Case No. 5:12-CV-01260 LHK
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS; DENYING DEFENDANTS' MOTION TO STRIKE

proceedings are generally governed by state law, *see e.g.* Cal. Civ. Code § 2924. Moreover, Mr. Sepehry-Fard has not clearly identified in the FAC any federal statute or regulation providing a basis for his Determination of Jurisdiction claim. Accordingly, Mr. Sepehry-Fard's first cause of action does not raise a federal question.

Because Mr. Sepehry-Fard's first cause of action does not raise a federal question and his claims under Sections 1983 and 1985 have been dismissed as to all Defendants, the basis for the Court's federal question jurisdiction is no longer present. Where a "district court has dismissed all claims over which it has original jurisdiction," the district court "may decline to exercise supplemental jurisdiction over" the remaining state law claims. 28 U.S.C.A. § 1367(c). In this case, the Court declines to exercise jurisdiction over Mr. Sepehry-Fard's first cause of action. *See* 28 U.S.C. § 1367(c); *see also Religious Tech. Ctr. v. Wollersheim*, 971 F.2d 364, 367-68 (9th Cir. 1992) ("When federal claims are dismissed before trial . . . pendant state claims also should be dismissed.") (internal quotation marks and citation omitted). Accordingly, this cause of action is dismissed without prejudice. *See, e.g.*, *Andy's BP, Inc. v. City of San Jose*, No. 12-CV-01631-LHK, 2013 WL 485657, at *7-8 (N.D. Cal. Feb. 6, 2013) (declining to exercise jurisdiction over remaining state claims and dismissing such claims without prejudice). Mr. Sepehry-Fard is advised that, although his first cause of action has been dismissed without prejudice, he is *not* permitted to file an amended complaint in this action and that this case is terminated.

## V. CONCLUSION

The Court GRANTS Defendants' Motion to Dismiss Mr. Sepehry-Fard's second and third causes of action with prejudice. In light of the Court's dismissal of Mr. Sepehry-Fard's second and third causes of action, the Court declines to exercise supplemental jurisdiction over Mr. Sepehry-Fard's first cause of action. Accordingly, this claim is dismissed without prejudice. Mr. Sepehry-Fard is *not* permitted to file an amended complaint. This case is terminated. The Motion to Strike is DENIED as moot. The Clerk shall close the file.

**IT IS SO ORDERED.**

---

constitutional rights "through an unlawful foreclosure process . . . [and] by forging official documents").

12

Case No. 5:12-CV-01260 LHK
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS; DENYING DEFENDANTS' MOTION TO STRIKE

Dated: August 5, 2013

_____
LUCY H. KOH
United States District Judge