UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FAREED SEPEHRY-FARD, <br><br> Plaintiff, <br> v. <br><br> THE BANK OF NEW YORK MELLON, N.A.; <br> BANK OF AMERICA CORPORATION; <br> CATHERINE K. MASON; and MILES, <br> BAUER, BERGSTROM & WINTERS, <br><br> Defendants. | Case No.: 5:12-CV-1260 LHK <br><br> ORDER DENYING PLAINTIFF'S MOTION TO ALTER OR AMEND THE JUDGMENT |

Plaintiff Fareed Sepehry-Fard ("Plaintiff") brought the instant action against Defendants Bank of New York Mellon, N.A. ("Bank of New York"), Bank of America Corporation ("Bank of America"), attorney Catherine K. Mason, and the law firm of Miles, Bauer, Bergstrom & Winters (collectively, "Defendants"), alleging violations of various federal and state laws in connection with mortgage loans on a house in Saratoga, CA. *See* ECF Nos. 1, 29. In two orders, issued on October 2 2012, and August 5, 2013, the Court dismissed with prejudice all of Plaintiff's federal causes of action, and the Court declined to exercise supplemental jurisdiction over Plaintiff's state law claims. *See* ECF Nos. 28, 50. On August 13, 2013, Plaintiff filed the instant Motion to Alter or Amend the Judgment. *See* ECF No. 52. Defendants have filed an opposition, *see* ECF No. 56, and Plaintiff has filed a reply, *see* ECF No. 57. The Court finds the matter suitable for decision without

1

oral argument pursuant to Civil Local Rule 7-1(b) and VACATES the hearing set for February 13, 2014. Having considered the briefing, the record in this case, and the applicable law, the Court DENIES Plaintiff's Motion to Alter or Amend the Judgment.

I.   **BACKGROUND**

Plaintiff filed the initial Complaint in this case on March 14, 2012. *See* ECF No. 1. In that Complaint, Plaintiff alleged that Defendants violated of 42 U.S.C. §§ 1983 and 1985, 18 U.S.C. §§ 241 and 242, 18 U.S.C. §§ 1621 and 1622, and "15 U.S.C. corporate and limited liability insurance fraud." *See id.* at 3. On October 2, 2012, the Court granted a Motion to Dismiss filed by Bank of New York and Bank of America. *See* ECF No. 28. The Court dismissed with prejudice Plaintiff's claims for violations of 18 U.S.C. §§ 241, 242, 1621, and 1622 because these statutes provided no private cause of action, and the Court dismissed with leave to amend the remaining claims. *See id.* In the October 2, 2012 order dismissing Plaintiff's claims, the Court advised Plaintiff that, if he filed an amended complaint, he was not permitted to add any new claims or parties without first obtaining leave from the Court or a stipulation from Defendants. *See id.* at 7.

On October 15, 2012, Plaintiff filed an Amended Complaint. *See* ECF No. 29. Plaintiff re-alleged his causes of action under 42 U.S.C. §§ 1983 and 1985. *See id.* at 33-34. Moreover, Plaintiff added a new cause of action, without leave from the Court or stipulation from Defendants, for "Determination of [the] Court's Jurisdiction." *See id.* at 32. On October 29, 2012, Bank of New York and Bank of America filed a Motion to Dismiss the Amended Complaint. *See* ECF No. 32.

After full briefing and a hearing on the second Motion to Dismiss, this Court on August 5, 2013 granted the Motion to Dismiss with respect to the federal causes of action in the Amended Complaint and declined to exercise supplemental jurisdiction over Plaintiff's Determination of Jurisdiction claim. *See* ECF No. 50. Specifically, the Court dismissed Plaintiff's two federal causes of action, under 42 U.S.C. §§ 1983 and 1985, because Plaintiff had not alleged any state action. *See id.* at 8-10. Because all causes of action were dismissed, the Court instructed the Clerk to close the case file. *See id.* at 12.

## II.     LEGAL STANDARD

A party may move to alter or amend a judgment within 28 days after the entry of judgment. Fed. R. Civ. P. 59(e). A Rule 59 motion "should not be granted . . . absent highly unusual circumstances." *389 Orange Street Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999). "In general, there are four basic grounds upon which a Rule 59(e) motion may be granted: (1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law." *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011).

## III.    DISCUSSION

Plaintiff's Motion and Reply are not altogether clear on the basis for the instant Motion. Plaintiff appears to contend that this Court could not rule as a matter of law on the motions to dismiss because Plaintiff was entitled to a jury trial. *See, e.g.*, ECF No. 52 at 12. However, the Court's orders on the motions to dismiss applied the appropriate legal standard by construing the allegations in Plaintiff's complaints in Plaintiff's favor. ECF No. 28 at 3; ECF No. 50 at 4-5. The Court, even applying this standard, found that Plaintiff could not proceed on his claims. In so concluding, the Court did not err.

Plaintiff also appears to suggest in the instant Motion that this Court did not have jurisdiction over the case. *See* ECF No. 52 at 12-13. However, Plaintiff initiated this case in federal court. *See* ECF No. 1. Moreover, both of Plaintiff's complaints raised causes of action that alleged violations of federal statutes. *See id.* at 3; ECF No. 29 at 33. Accordingly, there was a clear basis for subject matter jurisdiction over the instant case, and Plaintiff's jurisdictional contentions are meritless. *See* 28 U.S.C. § 1331.

Finally, Plaintiff cites *Glaski v. Bank of America*, 160 Cal. Rptr. 3d 449 (Cal. Ct. App. 2013), which was decided on August 8, 2013, three days after this Court issued its August 5, 2013 Order Granting Defendants' Motion to Dismiss. *See* ECF No. 52 at 6-8. However, *Glaski* does not cite, apply, or consider the federal statutes that were the subject of this Court's October 2, 2012 or

3

August 5, 2013 orders. Accordingly, *Glaski* is not an intervening change in controlling law that requires this Court to alter or amend its judgment.

Accordingly, the Court here finds that there is no basis to alter or amend the judgment pursuant to Rule 59.

## IV.     CONCLUSION

For the foregoing reasons, the Court DENIES Plaintiff's Motion to Alter or Amend the Judgment.

**IT IS SO ORDERED.**

Dated: February 3, 2014

_____
LUCY H. KOH
United States District Judge